IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Nationwide Life and Annuity Insurance Company , | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR INTERPLEADER** |
| | ) | |
| Margaret Rose C. Sims, as the duly appointed representative of The Estate of David Lee Sims, Jr. and Heather Sims, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Nationwide Life and Annuity Insurance Company (hereinafter "Nationwide") by and through its undersigned counsel, states the following as its Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure:

**NATURE OF THE CASE**

1.     Nationwide files this action seeking an Order allowing it to pay the proceeds of a life insurance policy insuring the life of David Lee Sims, Jr. into the court because of the competing claims being made for such proceeds by the wife of the insured, Heather Sims, and the insured's Estate.  Nationwide further requests that it be discharged from liability under the subject policy, that an injunction be issued preventing future suits against it related to the subject policy, and that it be awarded the fees and expenses incurred in bringing this action.

**PARTIES**

2.     Interpleader Plaintiff Nationwide is a company organized and existing under the laws of the state of Ohio and maintains its principle place of business in Ohio.

3.     Defendant Margaret Rose Sims has been appointed as the personal representative of the Estate of David Lee Sims, Jr., and is deemed to be a citizen of the same state as David Sims who, at the time of his death, was a citizen of South Carolina, residing in Horry County, South Carolina.

4.     Defendant Heather C. Sims was the wife of David Sims at the time of his death and is a citizen of South Carolina, residing in the town of Conway located in Horry County, South Carolina.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over the Defendants because they are residents and citizens of the state of South Carolina.

7.     Venue in this district is proper under 28 U.S.C. § 1391(b) because at least one of the Defendants resides in this district and all Defendants are residents of the State of South Carolina

8.     Nationwide is prepared to deposit into the registry of the court the funds which are in dispute.

## FACTUAL ALLEGATIONS

9.     On July 23, 2013, Nationwide issued to David Sims a certificate of term life insurance with a face value of SEVEN HUNDRED FIFTY THOUSAND AND NO/100S ($750,000.00) DOLLARS and assigned policy No. xxxxxx8860 (hereinafter "Policy").   A

2

duplicate copy of the Policy is attached hereto as "Exhibit A" and incorporated herein by reference.

10.    At the time this Policy was issued, the beneficiary designated on the Application in the event of the death of David Sims was Heather C. Sims.  No contingent beneficiaries were designated.    A copy of the redacted Application is attached hereto as "Exhibit B" and incorporated herein by reference.

11.    David Sims died on August 11, 2013 in Conway, South Carolina.  A copy of the Death Certificate is attached hereto as "Exhibit C" and incorporated herein by reference.

12.    By letter dated August 21, 2013, Nationwide received notice from the attorney for Margaret Sims, Personal Representative of the Estate, that an investigation was underway regarding the circumstances surrounding the death of David Sims and requesting that Nationwide hold payment of the proceeds in abeyance pending the investigation. A copy of this correspondence is attached hereto as "Exhibit D" and incorporated herein by reference.

13.    By letter dated August 29, 2013, Nationwide was informed by counsel for the Estate that Heather Sims was charged and arrested for the murder of David Sims.  A copy of this correspondence is attached hereto as "Exhibit E" and incorporated herein by reference.

14.    By letter dated September 10, 2013, an attorney for Heather Sims notified Nationwide that Heather Sims was reserving her rights to the policy proceeds.  A copy of this correspondence is attached hereto as "Exhibit F" and incorporated herein by reference.

15.    On October 4, 2013, Nationwide wrote to the attorneys for Heather Sims and the Estate that due to the circumstances surrounding the death of David Sims, Nationwide was unable to determine the rightful beneficiary, but would still proceed with the routine claims

processing because the insured died during the contestable time period. A copy of this correspondence is attached hereto as "Exhibit G" and incorporated herein by reference.

16.     By letter dated October 24, 2013, the attorney for the Estate wrote Nationwide stating that all expectations were that Heather Sims would be found guilty and not eligible to receive policy proceeds as the primary beneficiary; however, the Estate would cooperate with the potentially lengthy process. A copy of this correspondence is attached hereto as "Exhibit H" and incorporated herein by reference.

17.     Nationwide conducted a routine contestability review of the statements made in the Application and provided monthly correspondence to counsel for both defendants including updates about the claims process during the pendency of the criminal investigation from November 2013 to February 2015. Nationwide has completed its review and has concluded that the death benefit is payable.

## CAUSE OF ACTION FOR INTERPLEADER

18.     Nationwide incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth verbatim herein.

19.     Based upon the facts set forth above and the potential conflicting claims of the Defendants, Nationwide is in doubt as to which Defendant is entitled to payment of the proceeds due under the Policy, and Nationwide is or may be exposed to multiple or inconsistent liability and obligations under the Policy

20.     Nationwide admits liability under the Policy in the amount of SEVEN HUNDRED FIFTY THOUSAND AND NO/100S ($750,000.00) DOLLARS, which amount Nationwide is and always has been ready, able, and willing to pay to the person or persons who may be lawfully entitled to receive it.

21.     With the filing of this Interpleader Complaint, Nationwide has sought leave of court to deposit with the registry of the Court the sum of SEVEN HUNDRED FIFTY THOUSAND AND NO/100S ($750,000.00) DOLLARS, less a deduction for reasonable attorneys' fees and costs requested below.

22.     Nationwide further avers that in justice and in equity it should not be compelled to become involved in the dispute of the Defendants, but the Defendants should be ordered to litigate between themselves without in any manner involving Nationwide.

23.     Nationwide further pleads its entitlement to an award from the Policy proceeds for its reasonable attorneys' fees and other costs incurred in commencing and litigating this action for interpleader.

WHEREFORE, Nationwide prays that the Court inquire into this matter and grant the following relief:

(a)     That this civil action of interpleader be allowed;

(b)     That Nationwide be permitted to deposit the disputed funds payable under Policy No. xxxxxx8860, less a deduction for reasonable attorneys' fees and costs, into the registry of the Court for ultimate distribution by order of this Court;

(c)     That the Defendants be required to interplead and settle between themselves their rights to the death benefits payable under Policy No. xxxxxx8860;

(d)     That each of the Defendants be enjoined and restrained from instituting any action against Nationwide for recovery of the amount of said death benefits, except by way of interpleader in this action;

(e)     That upon payment into the Court of the death benefit, less deductions, Nationwide be discharged from all liability of any type or kind under Policy No. xxxxx8860 to any of the Defendants, their heirs, assigns, or any other person or entity claiming entitlement to benefits under said Policy;

(f)     That Nationwide be awarded from the Policy proceeds a reasonable sum to cover its attorneys' fees and costs incurred in commencing and litigating this interpleader action; and

(g)    That Nationwide be awarded such other and further relief as equity may require and the Court deems just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:*/s/ Alana Odom Williams*
      Alana Odom Williams
      Federal Bar No. 8094
      E-Mail: alana.williams@nelsonmullins.com
      D. Larry Kristinik
      Federal Bar No. 5744
      E-Mail: larry.kristinik@nelsonmullins.com
      1320 Main Street / 17th Floor
      Post Office Box 11070 (29211-1070)
      Columbia, SC  29201
      (803) 799-2000

      *Attorneys for Defendant Nationwide Life and Annuity Insurance Company*

Columbia, South Carolina

April 15, 2015