IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Nationwide Life and Annuity Insurance Company, | ) ) ) |
| PLAINTIFF, | ) ) ) |
| vs. | ) Civil Action No. 4:15-cv-01649-RBH ) ) |
| Margaret Rose C. Sims, as the duly appointed representative of The Estate of David Lee Sims, Jr. and Heather Sims | ) ) ) ) |
| DEFENDANTS. | ) ) ) |

### DEFENDANT HEATHER SIMS' ANSWER TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER

COME NOW the Defendant, Heather Sims (hereinafter "Defendant") by and through her undersigned counsel, states the following as her Answer to Plaintiff's Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure:

### AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to recover attorney's fees and costs in this interpleader action. In re Madalay Shore Co-op, Housing Ass'n, Inc. 21 F.3d 380 (1994).

### RESPONSES TO NUMBERED PARAGRAPHS OF INTERPLEADER COMPLAINT

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint are procedural in nature and do not require a response from Defendant Heather Sims. To the extent a response is

required, the allegations are denied.

2.     Defendant Heather Sims admits, upon information and belief, that the Plaintiff, Nationwide, is a company organized and existing under the laws of the state of Ohio and maintains its principle place of business in Ohio.

3.     Defendant Heather Sims admits that Defendant Margaret Rose Sims has been appointed as the personal representative of the Estate of David Lee Sims, Jr. and is deemed to be a citizen of the same state as David Sims who, at the time of his death, was a citizen of South Carolina, residing in Horry County, South Carolina.

4.     Defendant Heather Sims admits that she was the wife of David Sims at the time of his death and is a citizen of South Carolina residing in the town of Conway located in Horry County, South Carolina.

5.     Defendant Heather Sims admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.     Defendant Heather Sims admits that this Court has personal jurisdiction over the Defendants because they are residents and citizens of the state of South Carolina.

7.     Defendant Heather Sims admits that venue in this district is proper under 28 U.S.C. § 1391(b).

8.     Defendant Heather Sims lacks sufficient information to confirm or deny the allegation contained in Paragraph 8 of the Complaint.

9.     Defendant Heather Sims admits the allegations contained in Paragraph 9 of the Complaint.  Further, Defendant Heather Sims responds that the policy itself dictates that the

policy proceeds shall accrue interest at the legal right if not paid within 30 days of the insurer receiving notice of death. (See Plaintiff's Exhibit "A" at page 8.)

10.     Defendant Heather Sims admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant Heather Sims admits that David Sims died on August 11, 2013, in Conway, South Carolina.

12.     Defendant Heather Sims admits the allegations contained in Paragraph 12 of the Complaint upon information and belief.

13.     Defendant Heather Sims admits the allegations contained in Paragraph 13 of the Complaint upon information and belief.

14.     Defendant Heather Sims admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant Heather Sims admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant Heather Sims admits the allegations contained in Paragraph 16 of the Complaint upon information and belief with regard to receipt of a letter by Nationwide from an attorney for the Estate of David Sims dated October 24, 2013. Further responding, Defendant Heather Sims denies the accuracy of some of the information set for in the letter described in said paragraph and attached as Exhibit "H".

17.     Defendant Heather Sims admits the allegations contained in Paragraph 17 of the Complaint upon information and belief.

18.     Paragraph 18 of the Complaint contains a statement from which no response is elicited from Defendant Heather Sims.

19.     Defendant Heather Sims denies the allegations contained in Paragraph 19 of the Complaint as stated.  In further response to the allegations contained in said paragraph, Defendant Heather Sims states that the party entitled to payment of the proceeds due under the Policy cannot be determined at this time because of the ongoing criminal case pending in Horry County, South Carolina.

20.     Paragraph 20 of the Complaint contains a statement from which no response is elicited from Defendant Heather Sims.   To the extent a response may be required the Defendant Heather Sims does not dispute the acceptance of liability as admitted to by Nationwide.  Further, Defendant Heather Sims responds that the policy itself dictates that the policy proceeds shall accrue interest at the legal right if not paid within 30 days of the insurer receiving notice of death. (See Plaintiff's Exhibit "A" at page 8.)

21.     Paragraph 21 of the Complaint contains a statement and/or legal conclusion from which no response is elicited or required from Defendant Heather Sims. Further, Defendant Heather Sims responds that the policy itself dictates that the policy proceeds shall accrue interest at the legal right if not paid within 30 days of the insurer receiving notice of death.  (See Plaintiff's Exhibit "A" at page 8.)     Further answering, Defendant Heather Sims objects to any deduction from the policy proceeds for attorneys' fees and costs, which are routine costs incurred in the course of Plaintiff's business operations.  See Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader.").

22.     Paragraph 22 of the Complaint contains a statement from which no response is elicited on behalf of Defendant Heather Sims. However, to the extent a response is required,

Defendant Heather Sims does not object to the funds being placed with this Court.

    23.    Defendant Heather Sims denies the allegations contained in Paragraph 23 of the Complaint.  Further responding to the allegations contained in said paragraph, Defendant Heather Sims denies that Plaintiff is entitled to any deduction from the policy proceeds for attorneys' fees and costs, which are routine costs incurred in the course of Plaintiff's business operations.  See In re Mandalay Shores Co-op. Housing Ass'n., Inc., 21 F.3d 380, 383 (11th Cir. 1994) ("In certain circumstances, however, courts have determined that attorneys' fees are not warranted. One of those circumstances, and the only one relevant here, is when a stakeholder's interpleader claim arises out of the normal course of business. [T]his standard typically is applied to insurance companies.") (citing Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co., 537 F. Supp. 1147, 1150-51 (M.D.Ga.1982); Minnesota Mut. Life Ins. Co. v. Gustafson, 415 F. Supp. 615, 619 (N.D.Ill.1976),

    With regard to the Prayer portion of the Plaintiff's Complaint, Defendant Heather Sims responds as follows:

    (a)    The Defendant Heather Sims has no objection to this action of Interpleader being allowed;

    (b)    The Defendant Heather Sims has no objection to an order directing the Clerk to deposit the sum of funds payable by said policy by Plaintiff into the Registry of this Court with interest accruing at the legal rate. Further responding, the policy issued by Nationwide (attached to Plaintiff's Complaint as 'Exhibit A') contains the following at page 8: "When this policy becomes a claim by the death of the insured, Settlement must be made upon receipt of Proof of Death.  If proceeds are not paid within thirty days of receipt of Proof of Death, the payment will include interest at the legal rate of interest from the date of death of the Insured until the date the claim is paid."  Further, that Defendant Heather Sims objects to any deduction from the sum total of funds

to cover reasonable attorneys' fees and costs of the Plaintiff;

(c)     The Defendant Heather Sims would respectfully request that the funds, including the policy proceeds and interest accrued prior to funds being deposited, be held by the Court, with interest accruing, until such time as there has been a final determination in the criminal action currently pending in state court.  Further, Defendant Heather Sims would respectfully request that this matter be administratively closed and designated as inactive until such time as a motion to reopen is filed with this Court at the conclusion of the criminal case;

(d)     Defendant Heather Sims denies that Plaintiff is entitled to enjoin or restrain her from instituting or prosecuting any proceeding against Plaintiff, except with regard to proceedings solely pertaining to the Interpleader Funds.

(e)     Defendant Heather Sims denies that Plaintiff is entitled to be discharged from liability with regard to anything other than the Interpleader Funds.   Further, Defendant Heather Sims responds that Plaintiff is not entitled to any deduction from to the sum total of funds available under the policy to cover reasonable attorney's fees and costs of the Plaintiff.

(f)     The Defendant Heather Sims denies that the Plaintiff is entitled to any award any attorneys' fees and costs incurred by the Plaintiff in commencing and litigating this interpleader action; and

(g)     The Defendant Heather Sims denies that the Plaintiff is entitled to any further award or relief from this Court as has been prayed for.


Any allegation of Plaintiff's Complaint not specifically responded to above is herein expressly denied.

## PRAYER FOR RELIEF

The Defendant Heather Sims would respectfully request that the funds, including the principal amount owed pursuant to the policy and interest currently owed, be held by the Court, with interest accruing at the legal rate, until such time as there has been a final determination in the criminal action currently pending in state court.  Per the policy issued by Nationwide (attached to Plaintiff's Complaint as 'Exhibit A') contains the following at page 8: "When this policy becomes a claim by the death of the insured, Settlement must be made upon receipt of Proof of Death.  If proceeds are not paid within thirty days of receipt of Proof of Death, the payment will include interest at the legal rate of interest from the date of death of the Insured until the date the claim is paid."  Accordingly, the sum total of funds respectfully requested to be deposited with the court being $823,068.45.00 as of April 30, 2015 with interest accruing at the rate of $159.77 per day each day thereafter until deposited, and interest continuing to accrue at the legal rate.  Further, Defendant Heather Sims would respectfully request that this matter be administratively closed and designated as inactive until such time as a motion to reopen is filed with this Court at the conclusion of the criminal case.

Respectfully submitted this 30th day of April, 2015.

        s/ Lonnie Morgan Martin
        Federal Bar No. 1057
        Law Offices of L. Morgan Martin, P.A.
        1121 Third Avenue
        Conway, South Carolina 29526
        Telephone: (843) 248-3177
        E-Mail: fknowles@lmorganmartin.com

        ***Attorney for Defendant Heather Sims***

Conway, South Carolina

# CERTIFICATE OF SERVICE

  I hereby certify that on the 30th day of April, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alana Odom Williams
D. Larry Kristinik
Nelson, Mullins, Riley and Scarbarough LLP
1320 Main Street/17th Floor
Post Office Box 11070 (29211-1070)
Columbia, South Carolina 29201
*Attorneys for the Plaintiff Nationwide Life and Annuity Insurance Company*

  I hereby certify that on the 30th day of April, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will copy thru first class mail to the following:

John S. Deberry, Esquire
179 S. Coit Street
Post Office Box 1422
Florence, South Carolina 29503
*Attorney for the Defendant Margaret Rose C. Sims as the duly appointed representative of The Estate of David Lee Sims, Jr.*

This 30th day of April, 2015

                s/Lonnie Morgan Martin
                Federal Bar No. 1057
                *Attorney for Defendant Heather Sims*