UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Margaret Rose C. Sims, as duly appointed representative of the Estate of David Lee Sims, Jr., ) ) ) Cross-Claimant, ) ) v. ) ) Heather Sims, ) ) Cross-Defendant.[1] ) ) | Civil Action No.: 4:15-cv-01649-RBH **ORDER** |

This interpleader action is before the Court on motion [ECF No. 51] of Cross-Claimant Margaret Rose C. Sims, as duly appointed representative of the Estate of David Lee Sims, Jr. ("the Estate"). The Estate moves to amend the pleadings to realign the parties and re-frame the remaining issue in this case, that is, whether Cross-Defendant Heather Sims feloniously and intentionally killed David Lee Sims, Jr. thus barring her from receiving any insurance benefits under S.C. Code Ann. § 62-2-803. The Estate and Heather Sims are both claimants on a $750,000.00 life insurance policy that insured the life of David Lee Sims, Jr.

The Estate argues that it should be re-aligned as the plaintiff and Heather Sims as the defendant. Heather Sims does not dispute that the Estate would bear the burden of proving by a preponderance of the evidence that she feloniously and intentionally killed David Lee Sims, Jr., but she responds that realignment in this case would destroy diversity jurisdiction and this Court should

---

[1] As Nationwide Life and Annuity Company has been dismissed, the caption has been changed to reflect the remaining parties and their respective positions. Both parties have sufficiently alleged claims to the interpleaded funds.

decline to exercise supplemental jurisdiction over this case under 28 U.S.C. § 1367.[2]

When this action was originally filed, jurisdiction was based on diversity of citizenship under 28 U.S.C. § 1332. On February 1, 2016, the plaintiff stakeholder, Nationwide Life and Annuity Insurance Company, was dismissed after depositing $750,000.00 in life insurance proceeds with the Court. [ECF No. 16]. In a rule interpleader action, such as this, dismissal of a stakeholder plaintiff does not destroy federal jurisdiction as long as there was complete diversity of citizenship between the plaintiff stakeholder and the defendant claimants. *See Leimbach v. Allen*, 976 F.2d 912, 917 (4th Cir. 1992) (holding dismissal of stakeholder does not destroy jurisdiction even though claimants are non-diverse). Accordingly, Nationwide's dismissal from this action does not destroy federal jurisdiction because complete diversity of citizenship between the plaintiff stakeholder and defendant claimants existed at the time this case was filed.

While the Court could exercise its discretion and realign the parties, it is unnecessary at this stage. This "stage of the interpleader involves the determination of the respective rights of the claimants to the stake." 7 Charles A. Wright et al., Federal Practice and Procedure § 1714 at 584–85 (1986). "[E]ach defendant occupies the position of a plaintiff and must state his own claim and answer that of the other." *See, e.g. Wachovia Bank, N.A. v. Tien*, 534 F. Supp. 2d 1267, 1284 (S.D. Fla. 2007); *Reconstruction Fin. Corp. v. Aquadro*, 7 F.R.D. 406, 409 (W.D. Pa. 1947); 7 Charles A. Wright et al., Federal Practice and Procedure § 1714 at 584–85 (1986). To the extent realignment may be beneficial at trial to avoid confusing jurors, the Court may revisit the issue at a later time, but simply designating the Estate as cross-claimant with the burden of proof seems sufficient at this

---

[2] In the Estate's proposed amended complaint, the Estate alleges this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367. *See* [Proposed Amended Complaint, ECF No. 51-1].

2

time.

Although the Court at this time declines to formally realign the parties, the Court recognizes the need for the Estate to file an amended cross-claim to the funds and Heather Sims to file an amended answer to the Estate's cross-claim. The Estate must file an amended cross-claim to the interpleaded funds no later than Tuesday, November 12, 2019. Any answer to the Estate's amended cross-claim must be filed no later than Monday, November 18, 2019.

Also pending is Defendant Heather Sims's [ECF No. 52] motion to disburse life insurance proceeds. Heather Sims argues that because her conviction for voluntary manslaughter was reversed by the South Carolina Court of Appeals in *State v. Sims*, 825 S.E.2d 731 (S.C. Ct. App. 2019), she is automatically entitled to life insurance proceeds *as the named beneficiary* on a life insurance policy on the life of David Lee Sims, Jr.

South Carolina Code Ann. § 62-2-803 provides in relevant part:

> (c) A named beneficiary of a bond, life insurance policy, retirement plan, annuity, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the individual upon whose life the policy is issued is not entitled to any benefit under the bond, policy, retirement plan, annuity, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent....
>
> (f) A final judgment by conviction, or guilty plea establishing criminal accountability of felonious and intentional killing the decedent conclusively establishes that the convicted individual feloniously and intentionally killed the decedent for purposes of this section. *In the absence of such final judgment the court, upon the petition of an interested person, must determine whether, upon the preponderance of the evidence standard, the individual would be found responsible for the felonious and intentional killing of the decedent.* If the court determines that, under that standard, the individual would be responsible for the felonious and intentional killing of the decedent, the determination conclusively establishes that individual as the

decedent's killer for purposes of this section.

S.C. Code Ann. § 62-2-803 (emphasis added). Pursuant to subsection (f) above, the lack of a criminal conviction of felonious and intentional killing is no bar to invocation of this statute where the felonious and intentional killing can still be proved by the preponderance of the evidence. *See Metropolitan Life Ins. Co. v. Fogle*, 419 S.E.2d 825, 828 fn.1 (S.C. Ct. App. 1992) (stating "[t]he Reporter's Comments to this section make clear that the lack of a conviction of felonious and intentional killing is no bar to invocation of this provision whether the killing is proved by a preponderance of the evidence"). Therefore, even though Heather Sims's conviction for voluntary manslaughter was reversed by the South Carolina Court of Appeals, there is nothing to prevent the Estate from attempting to prove by a preponderance of the evidence that Heather Sims feloniously and intentionally killed David Lee Sims, Jr., and if so proved, the Estate's entitlement to the $750,000.00 of interpleaded funds. Heather Sims's [ECF No. 52] motion to disburse life insurance proceeds is denied.

## **CONCLUSION**

In conclusion, the Estate's [ECF No. 51] motion to amend the pleadings to realign the parties and re-frame the remaining issue is **GRANTED in part and DENIED in part**. The Court declines to realign the parties, and will simply remove Nationwide as the plaintiff, and designate the Estate as the cross-claimant and Heather Sims as cross-defendant. The Estate must file an amended cross-claim to the interpleaded funds no later than Tuesday, November 12, 2019. Any answer to the Estate's amended cross-claim must be filed no later than Monday, November 18, 2019.

Heather Sims's [ECF No. 52] motion to disburse life insurance proceeds is **DENIED**.

Finally, the Court **LIFTS THE STAY** of this case. Due to the age of this case the parties

4

shall submit an expedited Consent Amended Scheduling Order no later than Tuesday, November 12, 2019. Mediation shall be completed by January 31, 2020.

      IT IS SO ORDERED.

November 5, 2019                                   s/ R. Bryan Harwell
Florence, South Carolina                 R. Bryan Harwell
                                                      Chief United States District Judge